UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

OLLIE M. HOLLMAN,              )
                              )
        Plaintiff,            )
                              )
vs.                           )        Case No. 4:07CV809 HEA
                              )
THOMAS L. NELLUMS, SR.,        )
                              )
        Defendant.            )

## ORDER

This matter is before the court on Plaintiff's Motion for Appointment of

Counsel, [Doc. No. 4].  The Court notes that there is no constitutional or statutory

right to the appointment of counsel in a civil case.  *Nelson v. Redfield Lithograph*

*Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984).  In considering a motion to appoint

counsel for an indigent plaintiff, the court should "determine whether the nature of

the litigation is such that plaintiff as well as the court will benefit from the assistance

of counsel."  *Id*. at 1005.

Plaintiff, who was formerly employed by Defendant, alleges that Defendant

failed to forward his employment records on to a prospective employer in retaliation

for Plaintiff's complaining that Defendant did not pay prevailing wages, and for

filing a complaint with Teamsters Local 682.  The Complaint sets forth the facts

upon which this claim is based and Plaintiff has articulated circumstances

Dockets.Justia.com

surrounding his claim, as well as Defendant's knowledge of his particular situation. The facts of this case do not appear to be so complex that Plaintiff is unable to pursue this action without the assistance of counsel.  Having considered the factual complexity of the case, the ability of Plaintiff to investigate the facts, the potential existence of conflicting testimony, the ability of Plaintiff to present his claim and the complexity of the legal issues involved in this case,  *see Johnson v. Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986)*; Phillips v. Jasper County Jail*, 437 F.3d 791, 794-95 (8th Cir. 2006)("The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments.  *Edgington,* 52 F.3d at 780"),  the Court concludes that appointment of counsel is not warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel [Doc. No. 4] is denied without prejudice.

Dated this 1st day of May, 2007.

_____
    HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE