UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| OLLIE M. HOLLMAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV809 HEA |
| | ) | |
| THOMAS NELLUMS, SR. AND | ) | |
| TEE & E TRUCKING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment, [Doc. No. 42]. Plaintiff opposes the motion. For the reasons set forth below, the Motion is granted.[1]

## **Facts and Background**

Plaintiff's *pro se* Complaint is one of an "Employment Discrimination Complaint." It purports to be brought under the provisions of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq*. Plaintiff files suit for "employment

---

[1] Defendants have also filed the following motions: Motion for Ruling on Motion for Summary Judgment, [Doc. No. 49], Motion to Strike Plaintiff's Response to Defendants' Motion for Summary Judgment, [Doc. No. 57], Motion to Strike Affidavits Submitted in Response to Motion for Summary Judgment, [Doc. No. 58], and a Motion to Amend/Correct Case Management Order for Removal from the Trial Docket, or in the Alternative, Continue Trial Setting, [Doc. No. 67]. Because the Court's ruling that Summary Judgment is proper, these motions are moot and will therefore be denied as such.

discrimination on the basis of a disability by an employer engaged in a program or activity receiving federal financial assistance," and "other" which Plaintiff delineates as Retaliation, alleging that her employer refused to forward references on her to a prospective employer. Plaintiff has checked "failure to hire me;" "termination of my employment" and "retaliation" as the complained of conduct upon which the suit is based. Further, Plaintiff checked "gender" and "other retaliation for filing prior complaint" as the bases for her belief that she had been subjected to discrimination.

In the area for the description of her action on the Complaint form, Plaintiff sets out the following allegations:

> Week of March 28, 2006. Thomas Nellums of Tee & E Trucking/ TEE & E Trucking Inc., acted purposely in retaliation of the non forwarding of my employment records to a prospective employer, which resulted in my not being hired for employment. This act of retaliation has caused hardship to me, my family and my way of life. The retaliation stems from a complaint against TEE & E Trucking for not paying prevailing wages, complaint no. DIS-174-06, project: Air Port Expansion Project & Airport Parking lot. Also 2nd form of retaliation stem from filing a complaint with Teamsters Local 682. Unjust termination. 3rd Complaint with Missouri Division of Employment Security, 3rd Retaliation Act."

Defendants move for summary judgment on the grounds that Plaintiff cannot prove the necessary elements to establish a *prima facie* case of retaliation nor can she establish, even assuming she can set out a *prima facie* case, that her actions were the motivating factor in her discharge, and that Defendants' articulated reason for

discharge was pretextual.

## **Standard of Review**

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell ,* 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that

might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995); *Smith v. International Paper Co.*, 523 F.3d 845, 848 (8th Cir. 2008). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005); *Smith*, 523 F.3d at 848.

Summary Judgment will be granted when, viewing the evidence in the light

most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines* 2008 WL 2609197, 3 (8th Cir. 2008).

Defendants have submitted a Statement of Uncontroverted Material Facts to which Plaintiff has filed a response. Local Rule 4.01(E) provides with respect to summary judgment motions:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine dispute exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of

summary judgment unless specifically controverted by the opposing party.

E.D. Mo. L.R. 4.01(E).

Plaintiff's response to Defendants' statements of uncontroverted material facts does not include "specific references to portions of the record, where available, upon which the opposing party relies." E.D. Mo. L.R. 4.01(E). As a result, Plaintiff is deemed to have admitted Defendants' statements of material fact, except to the extent that Plaintiff has specifically enumerated which numbered paragraph she disputes. *Huckins v. Hollingsworth*, 138 Fed.Appx. 860, 862 (8th Cir.2005)(where plaintiffs responded to the defendants' statements of material facts by paragraph number as required by local rule but did not fully comply with that rule by submitting their own concise statement of material facts as to which they contended there exists a genuine issue to be tried, and instead provided the district court with affidavits, the district court did not abuse its discretion when it recounted the defendants' statements of facts verbatim but noted whenever the plaintiffs properly disputed a fact and the ground for their dispute).

> Tee & E Trucking, Inc. ("Tee & E") was formed by Thomas Nellums on October 15, 1988 as a sole proprietorship with one (1) truck. Tee & E is in the business of hauling raw materials such as rock, sand, asphalt and dirt. In 2002, Tee & E was incorporated as a Subchapter S corporation. Thomas Nellums is the sole shareholder and proprietor of Tee & E Trucking, Inc.

Ollie Hollman first worked for Tee & E in 1988 as a part-time driver. As a part-time driver Plaintiff worked sporadically for Tee & E on an as-needed basis between 1988 and 2005. Between 2001 and March 2005 Plaintiff frequently and voluntarily left the employ of Tee & E to pursue other jobs. On at least one of these occasions Plaintiff left the employ of Tee and E for a period of more than two (2) years.

On March 18, 2005, Plaintiff was hired by Tee & E as a part-time/seasonal driver.

In 2005 and 2006 Volition Trucking, L.L.C., Tarlton Company, Inc., Millstone Bangert, Inc. and R.V. Wagner, Inc. were clients of Tee & E Trucking. Between March 2005 and March 2006, Plaintiff, Ollie Hollman, while employed by Tee & E, was assigned to job sites and/or projects of Tee & E clients, including Volition Trucking, L.L.C., Tarlton Company, Inc., Millstone Bangert, Inc. and R.V. Wagner, Inc.

On numerous occasions between March 2005 and March 2006 many of Tee & E's clients complained to Thomas Nellums about Plaintiff's work performance and/or attitude. These clients included Volition Trucking, L.L.C., Tarlton Co., Inc., Environmental Operations, Inc., R.V. Wagner, Inc., and Millstone Bangert, Inc.

Despite numerous complaints by Tee & E customers, Thomas L. Nellums repeatedly interceded on Ollie Hollman's behalf with Tee & E customers so that Ollie Hollman could return and/or continue to work at the project sites of customers that had complained about her. On several occasions prior to March 2006, John W. Davis, Project Manager for Millstone Bangert, complained personally to Thomas Nellums about Plaintiff's performance and attitude on Millstone Bangert job sites.

In March 2006, John Davis, then Project Manager of Millstone Bangert, Inc.'s Lambert Airport Expansion project advised Thomas Nellums that Millstone Bangert, Inc. would no longer permit Plaintiff to work at any of its job sites, and that if Tee & E continued to assign Plaintiff to Millstone Bangert, Inc. jobs, the company could no longer do business with Tee & E.

On March 28, 2006, John W. Davis wrote Tee & E instructing the company not to assign Plaintiff to any Millstone Bangert, Inc. jobs, and if Tee & E did so, Millstone Bangert, Inc. would no longer do business with Tee & E.

Between March 2005 and March 2006, Dan Drechmann, President of R.V. Wagner, complaint to Thomas Nellums about Plaintiff's performance and attitude on R.V. Wagner job sites. In March 2006, Dan Drechmann, President of R.V. Wagner, Inc. verbally advised Thomas Nellums to no longer assign Plaintiff to R.V. Wagner work sites. On March 22, 2006, Dan Drechmann, President of R.V. Wagner, Inc. instructed Thomas Nellums in writing not to assign Plaintiff to R.V. Wagner work sites.

On March 15, 2006, Thomas Nellums met with Plaintiff and advised her that Tee & E Trucking could no longer assign her work on R. V. Wagner, Inc. and Millstone Bangert, Inc. projects because both companies had instructed him not to do so. On March 15, 2006, Thomas Nellums met with Plaintiff and advised her that Tee & E could no longer continue to assign her work at R. V. Wagner, Inc., Millstone Bangert, Inc. and other Tee & E client projects, because of complaints about Plaintiff's performance and attitude. On March 15, 2006, due to complaints from Tee & E clients about Plaintiff, as well as Plaintiff's insubordination, Thomas L. Nellums informed Plaintiff that Tee & E could no longer assign Plaintiff to Tee & E Trucking job sites, and instructed Plaintiff to return the keys to the Tee & E equipment that had been assigned to her.

In her Complaint, Plaintiff has alleged she was discriminated against in her employment on the basis of a disability, in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, et seq. ("Rehab Act"). Plaintiff is not a qualified individual with a disability, has acknowledged that she was not discriminated against on the basis of disability, and is not bringing a claim under the Rehab Act.

Plaintiff's suit is based on Plaintiff's belief that she was unjustly terminated by Tee & E in retaliation for: inquiries she made about her regular wages and wages due her under the Prevailing Wage Act, Mo. Rev. Stat. §§ 290.210-340, and the grievance she filed with Teamsters Local Union No. 682 ("Local 682") in relation thereto.

Plaintiff's employment with Tee & E was terminated on March 15, 2006 because Plaintiff's insubordination and her insistence that Tee & E continue to assign her to projects managed by R.V. Wagner, Inc. and Milstone Bangert, Inc.

Plaintiff acknowledges that her employment with Tee & E was terminated in March 2006, because Tee & E failed to continue to assign her work at construction sites where Tee & E was working.

On March 15, 2006, Tee & E advised Plaintiff that it could no longer assign her work at Tee & E client job sites because of client complaints about Plaintiff.

After March 15, 2006, Plaintiff did not make any requests to Tee & E Trucking for assignments to job sites where Tee & E had work.

On January 25, 2006, as a result of a complaint filed by another Tee & E employee concerning hourly wages applicable to the Lambert Airport Expansion project, a job covered by Missouri's prevailing wage law, the Missouri Dept. of Labor and Industrial Relations, Division of Labor Standards ("MoDOL") found that Tee & E had inadvertently violated Missouri's prevailing wage law with respect to that job. The MoDOL found Tee & E had mistakenly paid its employees an incorrect hourly wage on the Lambert Airport Expansion project due to incorrect information received from the Lambert Airport Authority. In so doing, the MoDOL held that the violation was not willful. As a result, all Tee & E employees who had worked on that project, including Plaintiff who had not filed a complaint, were issued checks for additional wages due.

On March 16, 2006, Plaintiff filed a Grievance Complaint Form with Local 682, alleging "unjust termination." Pl.'s Dep. at 111; 3/16/06 Teamsters No. 682 Complaint Form.

On April 21, 2006, Todd Suttles, Business Representative for Local 682, wrote Plaintiff advising her that Local 682 had decided not to arbitrate her grievance against Tee & E.

Tee & E Trucking could not possibly have retaliated against Plaintiff due to the grievance she filed with Local 682 because the grievance was filed with the union *after* Tee & E informed Plaintiff that it could no longer assign her work due to client complaints about Plaintiff's performance and attitude.

Following receipt of Todd Suttles' April 21, 2006 letter, Plaintiff filed Complaints against Tee & E and Local 682 with the National Labor Relations Board ("NLRB"), the Equal Employment Opportunity Commission ("EEOC"), and the Missouri Commission on Human Rights ("MCHR").

On June 13, 2006, Ralph R. Tremain, Regional Director National Labor Relations Board, wrote Plaintiff advising her that the NLRB was dismissing her Complaints against Tee & E and Local 682.

The National Labor Relations Board dismissed Plaintiff's Complaint against Tee & E because its investigation found that Plaintiff was discharged from Tee & E because of poor work performance and customer complaints, not because Plaintiff had engaged in extraordinary union activity or other protected concerted activity.

Plaintiff claims that Tee & E retaliated against her by failing to respond to a request for validation of her employment because of the grievance she filed with Local 682.

On or about March 28, 2006, Tee & E received a Safety Record Request from Transport Delivery Co. of Tulsa, Oklahoma.

In March 2006, Michelle Nellums was the administrative manager for Tee & E, and in that capacity was responsible for all clerical and administrative tasks.

In March and April 2006, Marie Morton, Michelle Nellums' mother, had been diagnosed with terminal cancer. Because of her mother's medical condition and state of health, Michelle Nellums was required to attend to her mother twenty-four hours a day, and consequently was unable to work regularly on Tee & E Trucking administrative tasks.

On April 27, 2006, Michelle Nellums returned the completed Safety Record Request by facsimile to Transport Delivery Co. in Tulsa, Oklahoma.

On June 22, 2006, Plaintiff filed a Charge of Discrimination against Tee & E Trucking with the EEOC and the MCHR, Complaint No. 28E-2006-09046, alleging that Tee & E refused to forward a reference to a prospective employer in retaliation for Plaintiff filing her prior Complaint or Grievance with Local 682.

On December 18, 2006, the MCHR issued a finding of No Probable Cause in Plaintiff's Charge against Tee & E Trucking, Case No. 06-06-30404.

In May 2006, Tee & E received notification from the Missouri Division of Employment Security that Plaintiff had applied for unemployment benefits.

On or about May 9, 2006, Tee & E protested Plaintiff's application for unemployment benefits with the Missouri Division of Employment Security because Tee & E clients had complained about Plaintiff, or specifically instructed Tee & E not to assign Plaintiff.

In May 2005, Plaintiff obtained employment with Transport Services as an over the-road liquid tank operator.

Plaintiff quit her job with Transport Services after three (3) days because Plaintiff believed the company had given her a dirty truck. Plaintiff was employed by Contract Transport, Inc. as a truck driver from May 2006 to June 2006.

Plaintiff resigned her position with Contract Transport, Inc. because she believed she was not paid for the hours she worked.

Plaintiff was employed by Drivers Staff Temporary Service as a tractor-trailer operator from August 2006 to September 2006. Plaintiff left the employ of Drivers Staff because she believed she was not being
paid for the hours she worked.

Plaintiff was employed by the City of St. Louis, Missouri Street Department,

from October 2006 to November 2006 as a utility worker-single axel truck operator. The City of St. Louis, Missouri Street Department declined to offer Plaintiff permanent employment because Plaintiff did not pass the work test period required for the position.

Plaintiff was employed by Pro Drivers as a tractor-trailer driver for approximately one month between October and November 2007. Plaintiff left the employ of Pro Drivers because she believed there was a problem with her pay and that other employees conspired against her.

Although Plaintiff's Complaint sets out that the suit is based on the Rehabilitation act, Plaintiff admitted in her deposition that she does not have a qualifying disability. Realistically, Plaintiff's suit is based on her belief that she was unjustly terminated by Tee & E in retaliation for: inquiries she made about her regular wages and wages due her under the Prevailing Wage Act, Mo. Rev. Stat. §§ 290.210-340, and the grievance she filed with Teamsters Local Union No. 682 ("Local 682") in relation thereto.

## Discussion

Plaintiff's claims fall within the ambit of Title VII of the Civil Rights Act of 1964 discrimination, not the Rehabilitation Act. 42 U.S.C. § 2000e *et seq.*. As a threshold matter, Plaintiff cannot state a claim against Defendant Thomas Nellums. Title VII "does not provide for an action against an individual supervisor." *Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1147 (8th Cir.2008). Accordingly, to the extent that Plaintiff is suing Defendant Nellums in his individual capacity,

Defendant's Motion for Summary Judgment is proper. Any claims against Nellumms in his official capacity would be subsumed by Tee & E's liability-if any.

To establish a *prima facie* case of retaliation, Plaintiff must show she engaged in protected conduct, the employer treated her in a manner that a reasonable employee would find materially adverse, and there was a causal connection between the adverse employment action and the protected conduct. *Id.* "To make out a retaliation claim, the plaintiff must show that the protected conduct was a determinative-not merely motivating-factor in the employer's adverse employment decision." *Id*. at 1148 (internal citation omitted).

Plaintiff fails to identify any protected activity.

> Federal law prohibits an employer from discriminating against an employee who "has opposed any practice" made unlawful by Title VII, or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing" under the statute. 42 U.S.C. § 2000e-3(a); see *Barker v. Missouri Dept. of Corrections*, 513 F.3d 831, 834 (8th Cir.2008). To establish even a prima facie case of retaliation, [Plaintiff] must demonstrate that (1) she engaged in statutorily protected conduct; (2) reasonable employees would have found the challenged retaliatory action materially adverse; and (3) the materially adverse action was causally linked to the protected conduct. *Weger v. City of Ladue*, 500 F.3d 710, 726 (8th Cir.2007). An employee must show that the employer had actual or constructive knowledge of the protected activity in order to establish unlawful retaliation. *Buettner v. Arch Coal Sales Co., Inc*., 216 F.3d 707, 715 (8th Cir.2000). A materially adverse action is one that would have "dissuaded a reasonable worker from making or supporting a claim of discrimination." *Burlington N. & Santa Fe R. Co. v. White*, 548 U.S.

> 53, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006) (internal quotation omitted). Once again, because the record is fully developed, we need not proceed through each step of the *McDonnell Douglas* burden-shifting framework, but may consider whether [Plaintiff] has provided sufficient evidence of retaliation to create a submissible case. See *Riser*, 458 F.3d at 821. The plaintiff in a retaliation case must present sufficient evidence for a reasonable jury to conclude that her protected conduct was a determinative factor in a materially adverse employment action taken by the employer. *Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1148-49, 2008 WL 2151692, at *3 (8th Cir.2008); *Carrington v. City of Des Moines*, 481 F.3d 1046, 1053 (8th Cir.2007).

*Hervey v. County of Koochiching* 527 F.3d 711, 722 (8th Cir. 2008).

Plaintiff has failed to meet her burden. None of the alleged activity, complaining about Defendant not paying prevailing wages; filing a complaint with her Teamsters Union; and filing a "prior complaint [F-05/06-03190]," falls within the prohibited employment activity set out in Title VII. As such, Plaintiff fails to establish a *prima facie* case of unlawful discrimination.

Moreover, there is absolutely no evidence in the record before the Court to establish that Defendant's articulated reasons for terminating Plaintiff's employment were pretextual. Notwithstanding Plaintiff's self serving articulations that she was discharged for her alleged actions with regard to her complaints, the admissible evidence establishes that Defendant terminated Plaintiff's employment based on a legitimate business decision, *i.e.*, continued employment of Plaintiff could result in

loss of business because of Plaintiff's inability to interact with Defendant's customers.

In addition, Plaintiff's checking of the line on the form Complaint for gender discrimination is totally unsupported by the record. Plaintiff herself admitted in her deposition that she was not discriminated against because of her gender, and she did not file a discrimination charge of gender discrimination with either the EEOC or the Missouri Human Rights commission. To assert a claim of employment discrimination under Title VII, a plaintiff is required to file administrative charges within certain time limits. Plaintiff was required to file her claims with the EEOC within 300 days of the alleged discriminatory employment action. See 42 U.S.C. § 2000e-5(e)(1); see also *Holland v. Sam's Club*, 487 F.3d 641, 643-44 (8th Cir.2007); *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 834 (8th Cir.2002). While this requirement is not jurisdictional, see *Zipes v. TWA, Inc.,* 455 U.S. 385, 393, (1982), where the Supreme Court held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling," Plaintiff has produced no evidence of any grounds which would relieve her of the requirement.

## **Conclusion**

Based upon the foregoing analysis, Defendants' Motion is well taken. Plaintiff has failed to establish the existence of genuine issues of material fact sufficient to overcome Defendants' Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, [Doc. No. 42], is **GRANTED**.

**IT IS FURTHER ORDERED** that all other pending motions are denied as moot.

**IT IS FURTHER ORDERED** that judgment will be entered in favor of Defendants and against Plaintiff.

A separate judgment in accordance with this Opinion is entered this same date.

Dated this 12th day of November, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE